# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL MONTANEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>F. GONZALEZ, et al.,<br><br>    Defendants.<br>_____/ | CASE NO. 1:10-cv-01931-SMS PC<br><br>ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND<br><br>(ECF No. 1)<br><br>ORDER STRIKING PLAINTIFF'S MOTION FOR A MEMORANDUM OF LAW IN SUPPORT OF HIS COMPLAINT<br><br>(ECF No. 12)<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR RETURN OF ORIGINAL EXHIBITS<br><br>(ECF No. 11) |

**I.   Screening Requirement**

Plaintiff Paul Montanez ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed a complaint and motion for a preliminary injunction on October 15, 2010. (ECF Nos. 1, 4.)  On November 8, 2010, Plaintiff filed a motion for a injunctive relief ordering the prison library to duplicate all legal documents.[1] (ECF No. 9.)  On November 8, 2011, Plaintiff filed a motion for the Court to return his original exhibits.  (ECF No. 11.)  Plaintiff filed a motion for a memorandum of law in support of his complaint on November 22, 2011.  (ECF No. 12.)

---

[1] The Court will address Plaintiff's motions for injunctive relief by separate order.

1

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Plaintiff's complaint shall be dismissed for violating Federal Rule of Civil Procedure 8 and 18. Plaintiff shall be given the opportunity to file an amended complaint curing the deficiencies described by the Court in this order. In the paragraphs that follow, the Court will provide Plaintiff with the legal standards that appear to apply to his claims. Plaintiff should carefully review the standards and amend only those claims that he believes, in good faith, are cognizable.

**II.     Discussion**

  **A.     Complaint**

    **1.     Rule 8**

In determining whether a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555 (2007)).

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S. Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 129

S. Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

Plaintiff's complaint is neither short nor a plain statement of the claim. Plaintiff has submitted a 65 page complaint alleging unrelated claims against myriad of defendants alleging failure to provide adequate post operative care, failure to transport Plaintiff to physical therapy appointments, retaliation, interference with the grievance process, and supervisory liability. Plaintiff details his grievances of events that occurred from November 13, 2008 until September 9, 2010. Additionally Plaintiff has filed a 70 page memorandum of law in support of his complaint.

The purpose of the complaint is not to set forth every grievance Plaintiff has against the defendants nor to set forth legal argument, but to state a short concise statement of the claim. Fed. R. Civ. P. 8(a)(2). Accordingly, Plaintiff's motion for a memorandum of law in support of his complaint shall be stricken from the record. Given that Plaintiff must comply with Rule 18(a), as discussed below, twenty-five pages is more than sufficient for Plaintiff to identify his claims and set forth specific facts in support of those claims. Accordingly, Plaintiff's amended complaint may not exceed twenty-five pages in length, and it will be stricken from the record if it violates this page limitation.

## 2. Rule 18

Plaintiff may not proceed in one action on a myriad of unrelated claims against different staff members. "The controlling principle appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.' Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

In this instance, Plaintiff's complaint is a lengthy recitation of encounters with prison officials, all giving rise to claims for relief. The fact that Plaintiff's claims all arise out of his medical condition does not mean that they are related. For example, Plaintiff's claim that an officer refused to transport him to his physical therapy appointment is not related to his claim that his treating physician refused to prescribe pain medication following his surgery. Plaintiff will not be permitted to pursue unrelated claims in this action. In amending, Plaintiff should determine which related claims he wishes to pursue and re-allege those claims only. If Plaintiff's amended complaint also violates Rule 18(a) despite this admonition, the Court will decide which claims shall proceed.

### 3. Eighth Amendment

#### a. Medical Care

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show "deliberate indifference to serious medical needs."" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). Deliberate indifference is shown where the official is aware of a serious medical need and fails to adequately respond. Simmons v. Navajo County, Arizona, 609 F.3d 1011, 1018 (9th Cir. 2010). "Deliberate indifference is a high legal standard." Simmons, 609 F.3d at; Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). The prison official must be aware of facts from which he could make an inference that "a substantial risk of serious harm exists" and he must make the inference. Farmer v. Brennan, 511 U.S. 825, 837 (1994).

A difference of opinion between a prisoner and prison medical authorities as to proper treatment does not give rise to a claim. Franklin v. Oregon, 662 F.2d 1337, 1355 (9th Cir. 1981); Mayfield v. Craven, 433 F.2d 873, 874 (9th Cir. 1970). Additionally, a difference of opinion between medical providers regarding treatment does not amount to deliberate indifference. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989). An allegation by a prisoner that a physician has been merely indifferent or negligent or has committed medical malpractice in diagnosing or treating a medical condition does not state a constitutional claim. Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980); Toguchi, 391 F.3d at 1057. "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106.

4

### b.  **Failure to Protect**

Prison officials are required "to take reasonable steps to protect inmates from physical abuse." Hoptowit v. Ray, 682 F.2d 1237, 1250 (9th Cir. 1982) (abrogated on other grounds by Sandin v. O'Connor, 515 U.S. 472 (1995)). To prove a violation of the Eighth Amendment the plaintiff must "objectively show that he was deprived of something 'sufficiently serious,' and make a subjective showing that the deprivation occurred with deliberate indifference to the inmate's health or safety." Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010) (citations omitted). Deliberate indifference requires a showing that "prison officials were aware of a "substantial risk of serious harm" to an inmates health or safety and that there was no "reasonable justification for the deprivation, in spite of that risk." Id. (quoting Farmer, 511 U.S. at 837, 844).

### 4.  **Due Process**

The Due Process Clause protects against the deprivation of liberty without due process of law. Wilkinson v. Austin, 545 U.S. 209, 221 (2005). In order to state a cause of action for a deprivation of due process, a plaintiff must first identify a liberty interest for which the protection is sought. Id. The Due Process Clause does not confer a liberty interest in freedom from state action taken within a prisoner's imposed sentence. Sandin v. Conner, 515 U.S. 472, 480 (1995). However, a state may "create liberty interests which are protected by the Due Process Clause." Sandin, 515 U.S. at 483-84. A prisoner has a liberty interest protected by the Due Process Clause only where the restraint "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Keenan v. Hall, 83 F.3d 1083, 1088 (9th Cir. 1996) (quoting Sandin, 515 U.S. at 484).

### a.  **Grievance Process**

A prisoner has a right to meaningful access to the court which extends to established grievance procedures. Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995). However, there is no liberty interest in a prison grievance procedure as it is a procedural right only. Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993).

### b.  **False Reports**

The Due Process Clause itself does not contain any language that grants a broad right to be

5

free from false accusations, but guarantees certain procedural protections to defend against false accusations. Freeman v. Rideout, 808 F.2d 949, 951 (2nd Cir. 1986).

### 5. First Amendment Retaliation

A viable claim of retaliation in violation of the First Amendment consists of five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonable advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567 (9th Cir. 2005); accord Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

### 6. Defendant Liability

Plaintiff may not bring suit against Defendants in their official capacity. "The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities." Aholelei v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007). The Department of Prisons is a state agency entitled to Eleventh Amendment Immunity. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). California Correctional Institution, Tehachapi, and departments within the prison, are part of the California Department of Corrections and Rehabilitation and, as such, are entitled to Eleventh Amendment immunity from suit.

Government officials may not be held liable for the actions of their subordinates under a theory of *respondeat superior*. Iqbal, 129 S. Ct. at 1948. Since a government official cannot be held liable under a theory of vicarious liability for section 1983 actions, Plaintiff must plead that the official has violated the Constitution through his own individual actions. Id. at 1948. In other words, to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

### 7. State Law Claims

#### a. California Tort Claims Act

The Tort Claims Act requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board, formerly known as the State Board of Control, no more than six months after the cause of action accrues. Cal. Gov't

6

Code §§ 905.2, 910, 911.2, 945.4, 950-950.2 (West 2010). Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit. State v. Superior Court of Kings County (Bodde), 90 P.3d 116, 119 (Cal. 2004); Shirk v. Vista Unified School District, 42 Cal.4th 201, 209 (2007). To state a tort claim against a public employee, a plaintiff must allege compliance with the Tort Claims Act. Cal. Gov't Code § 950.6; Bodde, 90 P.3d at 123. "[F]ailure to allege facts demonstrating or excusing compliance with the requirement subjects a compliant to general demurrer for failure to state a cause of action." Bodde, 90 P.3d at 120. If Plaintiff chooses to amend his complaint he will need to allege facts sufficient to show he has complied with the requirements of the California Tort Claim Act.

### b.   Failure to Provide Medical Care -Government Code § 845.6

"A public employee . . . is liable if the employee knows or has reason to know that the prisoner is in need of immediate medical care and he fails to take reasonable action to summon such medical care." Cal. Gov't Code § 845.6. To state a claim under section 845.6, an inmate must establish that "1) the public employee knew or had reason to know of the need 2) for immediate medical care, and 3) failed to reasonably summon such care." Jett, 439 F.3d at 1099. "Liability under [Government Code] section 845.6 is limited to serious and obvious medical conditions requiring immediate care." Lawson v. Superior Court, 180 Cal.App.4th 1372, 1385 (Ct.App. 2010) (quoting Watson v. State of California, 21 Cal.App.4th 836, 841 (Ct.App. 1993)). The term immediate care includes both diagnosis and treatment. Jett, 439 F.3d at 1099.

### c.   Negligence

A public employee is liable for injury "proximately caused by his negligent or wrongful act or omission." Cal. Gov't Code § 844.6(d) (West 2009). Under California law "[t]he elements of a negligence cause of action are: (1) a legal duty to use due care; (2) a breach of that duty; (3) the breach was the proximate or legal cause of the resulting injury; and (4) actual loss or damage resulting from the breach of the duty of care." Brown v. Ransweiler, 171 Cal.App.4th 516, 534 (Ct.App. 2009).

### d.   Intentional Infliction of Emotional Distress

Under California law, the elements of intentional infliction of emotional distress are: "(1)

outrageous conduct by the defendant, (2) intention to cause or reckless disregard of the probability of causing emotional distress, (3) severe emotional suffering, and (4) actual and proximate causation of the emotional distress." Wong v. Tai Jing, 189 Cal.App.4th 1354, 1376 (Ct.App. 2010) (quoting Agarwal v. Johnson, 25 Cal.3d 932, 946 (1979)). Conduct is "outrageous if it is 'so extreme as to exceed all bounds of that usually tolerated in a civilized community.'" Simo v. Union of NeedleTrades, Industrial & Textile Employees, 322 F.3d 602, 622 (9th Cir. 2002) (quoting Saridakis v. United Airlines, 166 F.3d 1272, 1278 (9th Cir. 1999)).

### III.   Motion for Return of Original Exhibits

Plaintiff requests the Court return his original exhibits submitted with his complaint as he failed to make copies prior to filing. Plaintiff's request shall be granted.

### IV.   Conclusion and Order

For the reasons stated, Plaintiff's complaint shall be dismissed for violating Federal Rules of Civil Procedure 8 and 18. Plaintiff is granted leave to file an amended complaint within thirty days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal, 129 S. Ct. at 1948-49. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th

Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

       Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion for a memorandum of law in support of complaint, filed November 22, 2010, is STRICKEN from the record;
2. Plaintiff's motion for return of exhibits, filed November 8, 2010, is GRANTED and the Clerk's Office shall return Plaintiff's exhibits;
3. The Clerk's Office shall send Plaintiff a civil rights complaint form;
4. Plaintiff's complaint, filed October 15, 2010, is dismissed for violating Federal Rules of Civil Procedure 8 and 18;
5. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and
6. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, without prejudice, for violating Rule 8 and 18.

IT IS SO ORDERED.

**Dated:**   **August 15, 2011**         /s/ Sandra M. Snyder
                                                  UNITED STATES MAGISTRATE JUDGE