**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL MONTANEZ, | CASE NO. 1:10-cv-01931-BAM PC |
| Plaintiff, | ORDER DISMISSING CERTAIN CLAIMS AND DEFENDANTS AND DENYING MOTION FOR APPOINTMENT OF COUNSEL |
| v. | |
| F. GONZALEZ, et al., | (ECF No. 19) |
| Defendants. | |

**I.   Screening Requirement**

Plaintiff Paul Montanez ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On August 16, 2011, an order issued dismissing Plaintiff's complaint for failure to comply with Federal Rule of Civil Procedure 8 and 18. (ECF No. 14.) On October 17, 2011, Plaintiff filed a first amended complaint. (ECF No. 19.)

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

In determining whether a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

"[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955 (2007)).

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S. Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 129 S. Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

## II.     First Amended Complaint

Plaintiff brings this action against Defendants Gonzalez, Kelso, Campbell, Velasco, Ross, Nickolic, Grimm, Oblonsky, Ledford, Stroller, Wilson, Marvin, Jae Lee, Vicki and Bobbi seeking declaratory and injunctive relief and monetary damages. Plaintiff also requests appointment of counsel.

Plaintiff underwent surgery for a broken wrist on November 13, 2008 and although the specialist who performed the operation ordered that x-rays be taken for a follow up appointment, no x-rays were taken. When Plaintiff returned for his followup appointment, the x-rays provided to the specialist were pre operative x-rays. Plaintiff alleges that due to the failure to provide post operative x-rays, the specialist was unable to assess his injuries following surgeries on November 20, 2008. On December 2, 2008, x-rays were taken of Plaintiff's wrist. On December 12, 2008, Plaintiff's wrist swelled to the point that circulation was cut off and Defendant Jae Lee had to cut off Plaintiff's cast. An x-ray was taken on January 26, 2009, however Defendant Nickolic and medical staff deliberately failed to provide it for the follow-up appointment with Dr. Christopher Lee on January

29, 2009. Plaintiff states that due to the failure to provide the post operative x-rays, the pin was not able to be removed from Plaintiff's wrist which caused severe pain for twenty months,[1] and Defendant Nickolic failed to correct the errors of his subordinates that resulted in Plaintiff's injury.

On February 19, 2009, Plaintiff was seen by Defendant Grimm for pain management due to the pain in his wrist. Plaintiff informed Defendant Grimm that the medication he was receiving, Acetaminophen, was not sufficient to control the intense pain he was experiencing.[2] Defendant Grimm ordered Acetaminophen anyway, telling Plaintiff he was man enough to endure a little pain.

Plaintiff filed an appeal seeking the job descriptions of the employees responsible for preparing x-rays and transport files and the named of medical personnel responsible for processing and transporting medical records, which was screened out by Defendant Ledford because Plaintiff failed to demonstrate that he was appealing an issue that adversely affected his welfare.

Plaintiff filed an appeal on March 25, 2009, for the failure of Defendant Martin, Grimm, and Oblonsky to provide and transfer his post operative x-rays to the specialist for followup appointments. Defendant Ledford retaliated against Plaintiff by screening out the appeal. On April 2, 2009, Plaintiff filed an appeal for Defendant Grimm's failure to provide adequate medical care. Defendant Ledford retaliated against Plaintiff by screening out his appeal. Plaintiff's medical records were removed and destroyed by Defendant Stoller to obstruct investigations into the whereabouts of his medical files.

On September 29, 2009, Defendant Wilson partially granted an appeal and documents were faxed from Defendant Lee's office and placed in Plaintiff's medical file. On November 23, 2009, Plaintiff submitted an appeal because Defendants Oblansky failed to properly file medical documents regarding physical therapy on his wrist and Defendants Vicki and Bobbi were negligent in failing to file the appropriate papers to schedule his physical therapy sessions. Because of Defendants Vicki, Bobbi, and Oblansky's negligence Plaintiff was not able to receive physical therapy.

---

[1] Although Plaintiff alleges that the pin was not removed, according to his inmate appeal, Plaintiff was seen on April 16, 2009, and the pin was removed and a thumb spica cast was provided. (First Am. Compl. 30, ECF No. 19.)

[2] Plaintiff's medical records indicate that he was taking Tylenol #3.

3

On December 14, 2009, Defendants Velasco and Campbell were part of the transportation team transporting Plaintiff for physical therapy. Defendant Velasco and Campbell retaliated against Plaintiff by failing to transport him to physical therapy because Plaintiff had filed a staff complaint against Defendant Velsaso. Plaintiff wrote letters to Defendant Gonzalez informing him that his medical staff refused to follow the orthopedic specialists recommendations to provide x-rays. Plaintiff filed multiple inmate appeals which resulted in a denial because no one from the Director's Level would come to the institution to investigate Plaintiff's complaints. Defendant Kelso was deliberately indifferent to Plaintiff's serious medical needs.

## II. Discussion

### A. Deliberate Indifference

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show "deliberate indifference to serious medical needs."" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S. Ct. 285, 291 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096.

Deliberate indifference is shown where the official is aware of a serious medical need and fails to adequately respond. Simmons v. Navajo County, Arizona, 609 F.3d 1011, 1018 (9th Cir. 2010). "Deliberate indifference is a high legal standard." Simmons, 609 F.3d at 1019; Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). The prison official must be aware of facts from which he could make an inference that "a substantial risk of serious harm exists" and he must make the inference. Farmer v. Brennan, 511 U.S. 825, 837, 114 S. Ct. 1970, 1979 (1994).

#### 1. Defendants Grimm, Lee, Marvin, and Jae Lee

Plaintiff alleges that on December 12, 2008, Defendant Jae Lee had to cut off his cast after Plaintiff's wrist swelled to the point that circulation was cut off. As alleged the facts indicate that Defendant Jae Lee became aware that Plaintiff was suffering from swelling that was interfering with the circulation in his wrist and acted to resolve the situation by removing the cause of the problem,

the splint. There are no facts alleged to indicate that Defendant Jae Lee was deliberately indifferent to Plaintiff's serious medical need.

Plaintiff claims that Defendant Ross proscribed acetaminophen, which was ineffective for treating his pain. There is no allegation that Defendant Ross was aware that acetaminophen was not sufficient to treat Plaintiff's pain. The Court notes that, although Plaintiff states he was prescribed acetaminophen, according to the medical documentation, Plaintiff was prescribed Tylenol #3. Plaintiff has failed to show that Defendant Ross failed to act in knowing disregard to his serious medical need.

Plaintiff states that the failure to provide current x-rays for the appointments on November 20, 2008 and January 29, 2009, resulted in the pin being left in his arm for twenty months and that he filed an inmate appeal against Defendants Marvin and Grimm for failing to provide his medical records to the specialist. Plaintiff fails to state factual allegations to show that either Defendant Marvin or Grimm were responsible for the failure to transfer the records. A person deprives another "of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir.1978). "Causation is, of course, a required element of a § 1983 claim." Estate of Brooks v. United States, 197 F.3d 1245, 1248 (9th Cir.1999). Even if Plaintiff was able to state a plausible claim that the failure to provide x-rays caused the swelling in his arm on December 13, 2008, or was the cause of the pins not being removed on January 29, 2009, he has failed to link any defendant to the failure to provide x-rays or alleged facts to state a plausible claim that the x-rays were not provided in knowing disregard to an excessive risk to Plaintiff's health. Farmer, 511 U.S. at 834.

While Plaintiff states that medical staff deliberately sent outdated x-rays to his post operative appointment, this fails to state more than negligence which in insufficient to state a cognizable claim for deliberate indifference. Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980); Toguchi, 391 F.3d at 1057. Nor would the delay in providing x-rays rise to the level of deliberate indifference unless the delay causes substantial harm. Hallett v. Morgan, 296 F.3d 732, 746 (9th Cir.

5

2002); Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir. 1990); Shapley v. Nevada Board of State Prison Commissioners, 766 F.2d 404, 407 (9th Cir. 1984). While Plaintiff alleges that the failure to provide x-rays resulted in his pins not being removed for twenty months, his medical records indicate that the pins were removed on April 16, 2009, just less than five months after surgery. To the extent that Plaintiff is dissatisfied with the results of his surgery he has failed to allege more than medical malpractice. "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106, 97 S. Ct. at 292.

At the pleading stage Plaintiff's allegations are sufficient to state a cognizable claim against Defendant Grimm for deliberate indifference to Plaintiff's pain. However, Plaintiff fails to state a claim of deliberate indifference against any other named defendant.

### 2. Defendants Nickloic, Gonzalez, and Kelso

Plaintiff's allegations that Defendant Nickolic and his staff failed to provide x-rays and Defendant Nickolic failed to correct the errors of his staff is an attempt to allege claims based upon his position as Chief Medical Officer. Government officials may not be held liable for the actions of their subordinates under a theory of *respondeat superior*. Iqbal, 129 S. Ct. at 1948. Since a government official cannot be held liable under a theory of vicarious liability for section 1983 actions, Plaintiff must plead that the official has violated the Constitution through his own individual actions. Id. at 1948. Plaintiff has failed to show that Defendant Nickolic personally participated in any act or failure to act that resulted in the deprivation of his rights.

Similarly Plaintiff's allegation against Defendants Gonzalez and Kelso fail to show that they were aware of a substantial risk of harm to Plaintiff and failed to act in response. While Plaintiff alleges that he sent several letters to Defendant Gonzalez regarding the failure to provide x-rays for Plaintiff's appointments, there are no allegations that the letters were sent prior to either of the incidents. In the documentation provided with the complaint a letter dated March 25, 2009, is referred to. There are no allegations that Defendant Gonzalez was aware of the issue regarding x-rays until after they had occurred. Nor is the fact that Plaintiff filed inmate appeals at the Director's Level sufficient to allege any personal knowledge by Defendant Kelso that Plaintiff was deprived of appropriate medical care. Plaintiff has failed to state a cognizable claim against Defendants

Case 1:10-cv-01931-AWI-BAM   Document 25   Filed 01/11/12   Page 7 of 11

1. Nickloic, Gonzalez, and Kelso.

### 3. Defendants Oblonsky, Vicki and Bobbi

Plaintiff alleges that Defendants Oblonsky, Vicki, and Bobbi negligently failed to file paperwork in his medical files which resulted in their failing to schedule him for physical therapy. In order to violate the Eighth Amendment defendants must act in knowing disregard to an inmates health or safety. Simmons, 609 F.3d at 1018. Assuming that the medical records from Dr. Lee's office were received by the prison, Plaintiff's allegations that Defendants were negligent by not filing them in his medical file fails to state a cognizable claim. Broughton, 622 F.2d at 460. Additionally, based upon the allegations in the complaint, the failure to schedule physical therapy was due to lack of documentation which resulted in Defendants Oblonsky, Vicki, and Bobbi being unaware of Plaintiff's need to be scheduled for physical therapy. Since Defendants Oblonsky, Vicki, and Bobbi were unaware of Plaintiff's need for physical therapy the failure to schedule his appointments was not done with deliberate indifference. Simmons, 609 F.3d at 1018.

Although Plaintiff alleges that he submitted an inmate appeal against Defendant Oblonsky for failing to transport his x-rays to the specialist, as discussed above, there are no facts to indicate that Defendant Oblonsky was aware that Plaintiff was at a serious risk of harm from the failure to transport his x-rays. Plaintiff has failed to state a cognizable claim against Defendants Oblonsky, Vicki, and Bobbi.

### 4. Defendants Ledford, Stoller, and Wilson

Plaintiff complains that Defendants Ledford, Stoller, and Wilson were deliberately indifferent by denying his inmate appeals fails to state a cognizable claim. The prison grievance procedure does not confer any substantive rights upon inmates and actions in reviewing appeals cannot serve as a basis for liability under section 1983. Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993). The incidents complained of in the inmate appeals had already occurred and by reviewing the appeals Defendants Ledford, Stoller, and Wilson did not personally participate in the deprivation of Plaintiff's rights. Plaintiff has failed to state a cognizable claim for deliberate indifference based upon the grievance process.

///

### 5. Defendants Velasco and Campbell

While Plaintiff alleges that Defendants Velasco and Campbell refused to transport him for physical therapy on December 14, 2009, the complaint is devoid of any facts showing that either defendant was aware of a risk of harm to Plaintiff and failed to take him to physical therapy in disregard to the risk. Plaintiff has failed to state a cognizable claim for deliberate indifference based upon the failure to transport him to physical therapy.

## B. First Amendment

### 1. Access to the Court

Plaintiff alleges that his right to file grievances was violated by the failure to process his inmate appeals. Inmates have a fundamental constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346 (1996); Hebbe v. Pliler, 611 F.3d 1202, 1206 (9th Cir. 2010). The right is merely the right to bring to court a grievance the inmate wishes to present, and is limited to direct criminal appeals, habeas petitions, and civil rights actions. Lewis, 518 U.S. at 354. To bring a claim, the plaintiff must have suffered an actual injury by being shut out of court. Christopher v. Harbury, 536 U.S. 403, 415 (2002); Lewis, 518 U.S. at 351.

Plaintiff may not pursue a claim for denial of access to the courts based on the failure of staff to respond to his appeals or based on the rejection of his appeals by staff. Plaintiff does not have a constitutionally protected right to have his appeals accepted or processed, Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988), and because Plaintiff has not alleged any facts demonstrating that he suffered an actual injury to qualifying litigation, his claim fails as a matter of law, Christopher, 536 U.S. at 415; Lewis, 518 U.S. at 351.

### 2. Retaliation

A plaintiff may state a claim for a violation of his First Amendment rights due to retaliation under section 1983. Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995). A viable claim of retaliation in violation of the First Amendment consists of five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonable advance a legitimate correctional goal." Rhodes v. Robinson, 408

8

1  F.3d 559, 567 (9th Cir. 2005); accord Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

2  While Plaintiff alleges that his inmate appeals were denied as retaliation, he fails to assert that the rejection was because of his protected conduct. Additionally, a review of the denials shows that Plaintiff's appeals were denied or rejected based upon failing to comply with prison procedure. Even assuming that Plaintiff could allege protected conduct that caused Defendants to reject his appeals, it is equally plausible that Plaintiff's appeals were rejected because he failed to comply with the grievance regulations. The mere possibility of misconduct is insufficient to state to state a retaliation claim based upon the denial of his inmate appeals. Iqbal, 129 S. Ct. at 1949-50.

Finally, Plaintiff alleges that Defendants Velasco and Campbell refused to transport him for physical therapy because Plaintiff filed a staff complaint against Defendant Velasco. While it appears that Plaintiff's allegations may be sufficient to state a cognizable claim, this incident is unrelated to Plaintiff's claim against Defendant Grimm for failing to adequately treat his pain. Plaintiff was informed in the order issued August 16, 2011, that if his amended complaint failed to comply with Rule 18 the Court would decide which claims would proceed in this action. (Order Dismissing Complaint 4:6-8ECF No. 14.) Accordingly, Plaintiff's retaliation claims against Defendants Velasco and Campbell shall be dismissed, without prejudice. If Plaintiff wishes to pursue his retaliation claims against Defendants Velasco and Campbell he will need to file a separate action.

### C.     Prospective Relief

Plaintiff seeks injunctive relief ordering Defendant Kelso to provide physical therapy to rehabilitate his right wrist. For each form of relief sought in federal court, Plaintiff must establish standing. Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010), *cert.denied*, 131 S. Ct. 503 (2010). This requires Plaintiff to "show that he is under threat of suffering 'injury in fact' that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to challenged conduct of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury." Summers v. Earth Island Institute, 129 S. Ct. 1142, 1149 (2009) (citation omitted); Mayfield, 599 F.3d at 969 (citation omitted).

Also, any award of equitable relief is governed by the Prison Litigation Reform Act, which

provides in relevant part, "Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs.  The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A).

Since Plaintiff has failed to state a cognizable claim against Defendant Kelso, the Court does not have jurisdiction to grant the relief requested and Plaintiff's request for injunctive relief is not cognizable.

In addition to money damages, Plaintiff seeks a declaration that his rights were violated. "A declaratory judgment, like other forms of equitable relief, should be granted only as a matter of judicial discretion, exercised in the public interest." Eccles v. Peoples Bank of Lakewood Village, 333 U.S. 426, 431 (1948). "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." United States v. Washington, 759 F.2d 1353, 1357 (9th Cir. 1985). In the event that this action reaches trial and the jury returns a verdict in favor of Plaintiff, that verdict will be a finding that Plaintiff's constitutional rights were violated. Accordingly, a declaration that Defendant Grimm violated Plaintiff's rights is unnecessary, and this action shall proceed as one for money damages only.

## IV.   Motion for Appointment of Counsel

Plaintiff has requested the appointment of counsel.  The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989).  In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997).  Without a reasonable method of securing and compensating counsel, this court will seek volunteer counsel only in the most serious and exceptional cases.

In the present case, the court does not find the required exceptional circumstances. See Rand,

113 F.3d at 1525. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This court is faced with similar cases almost daily. Therefore, Plaintiff's request for the appointment of counsel shall be denied.

## V.     Conclusion and Order

Plaintiff's first amended complaint states a cognizable claim against Defendant Grimm for failure to respond to Plaintiff's complaints of pain in violation of the Eighth Amendment, however, Plaintiff allegations fail to state any additional related claims under section 1983. Plaintiff was previously notified of the deficiencies in his claims and provided with the opportunity to amend, but was unable to cure the deficiencies. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Accordingly, it is HEREBY ORDERED that:

1. This action shall proceed on Plaintiff's first amended complaint, filed October 17, 2011, against Defendant Grimm for deliberate indifference to serious medical needs in violation of the Eighth Amendment for damages;

2. Plaintiff's remaining Eighth Amendment claims and access to the court claims are dismissed, with prejudice, based upon Plaintiff's failure to state a cognizable claim;

3. Plaintiff's retaliation claim against Ledford is dismissed, with prejudice, for failure to state a cognizable claim;

4. Plaintiff's retaliation claim against Defendants Velasco and Campbell is dismissed, without prejudice, for failing to comply with Rule 18;

5. Plaintiff's requests for declaratory and injunctive relief are dismissed, without leave to amend; and

6. Defendants Gonzalez, Kelso, Campbell, Velasco, Ross, Nickolic, Oblonsky, Ledford, Stroller, Wilson, Marvin, Jae Lee, Vicki, and Bobbi are dismissed from this action for Plaintiff's failure to state a cognizable claim against them under section 1983.

IT IS SO ORDERED.

Dated:   **January 9, 2012**              /s/ **Barbara A. McAuliffe**
                                          UNITED STATES MAGISTRATE JUDGE