# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL MONTANEZ, | CASE NO. 1:10-cv-01931-BAM PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT |
| v. | |
| F. GONZALEZ, et al., | (ECF No. 26) |
| Defendants. | |

Plaintiff Paul Montanez ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on the first amended complaint against Defendant Grimm for deliberate indifference to medical needs in violation of the Eighth Amendment. On January 11, 2012, an order issued dismissing Defendants Gonzalez, Kelso, Campbell, Velasco, Ross, Nickolic, Oblonsky, Ledford, Stroller, Wilson, Marvin, Jae Lee, Vicki, and Bobbi from this action for Plaintiff's failure to state a cognizable claim against them under section 1983. (ECF No. 25.) On the same date, Plaintiff filed a motion for leave to file an second amended complaint and a second amended complaint was lodged. (ECF Nos. 26, 27.)

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). In this instance Plaintiff has already filed an amended complaint so he may amend only with leave of the court or by written consent of the adverse party.

"Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" Amerisource Bergen Corp. v. Dialysis West, Inc., 465 F.3d 946, 951 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)). However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile." Id. The factor of "'[u]ndue delay by itself . . . is insufficient to justify denying a motion to amend.'" Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 712,13 (9th Cir. 2001) (quoting Bowles v. Reade, 198 F.3d 752, 757-58 (9th Cir. 1999)). A review of the second amended complaint reveals that Plaintiff is seeking to amend the complaint to add state law claims against Defendant Grimm and individuals who have been dismissed from this action.

Initially, Plaintiff may not amend his complaint to allege state law claims against individuals that have been dismissed from this action. Pursuant to 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III. . . ." In this action the Court only has original jurisdiction over Defendant Grimm. Accordingly, Plaintiff's attempt to bring state law claims in this action against any other individual is futile.

As to Plaintiff's state law claims against Defendant Grimm, the California Tort Claims Act[1] requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board, formerly known as the State Board of Control, no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2 (West 2010). Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit. State v. Superior Court of Kings County (Bodde), 90 P.3d 116, 119 (Cal. 2004); Shirk v. Vista Unified School District, 42 Cal.4th 201, 209 (2007). To state a tort claim against a public employee, a plaintiff must allege compliance with the California Tort

---

[1] 2 The Court recognizes that in City of Stockton v. Superior Court, 42 Cal.4th 730, 742 (Cal. 2007), California's Supreme Court adopted the practice of referring to California's Tort Claims Act as the Government Claims Act. However, given that the federal government has also enacted a Tort Claims Act, 28 U.S.C. § 2671, the Court here refers to the Government Claims Act as the California Tort Claims Act in an effort to avoid confusion.

1  Claims Act.  Cal. Gov't Code § 950.6; <u>Bodde</u>, 90 P.3d at 123.  Plaintiff has failed to allege
2  compliance with the California Tort Claims Act and it would therefore be futile to grant Plaintiff
3  leave to file his proposed second amended complaint.
4      Based on the foregoing, Plaintiff's motion for leave to file a second amended complaint, filed
5  January 11, 2012, is HEREBY DENIED.
6      IT IS SO ORDERED.

7  **Dated:   January 12, 2012**             /s/ **Barbara A. McAuliffe**
                                        UNITED STATES MAGISTRATE JUDGE