# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL MONTANEZ,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>F. GONZALEZ, et al.,<br><br>　　　　　　Defendants.<br>_____ / | CASE NO. 1:10-cv-01931-BAM PC<br><br>ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT (ECF No. 32)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT (ECF No. 31)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL (ECF No. 33)<br><br>ORDER RECALLING ORDER DIRECTING USM TO SERVE COMPLAINT AND DIRECTING A COPY OF THIS ORDER TO BE SERVED ON THE UNITED STATES MARSHAL (ECF No. 23) |

## I.    Procedural History

Plaintiff Paul Montanez ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On December 15, 2011, Plaintiff's first amended complaint was screened and was found to state a cognizable claim against Defendant Grimm for deliberate indifference in violation of the Eighth Amendment. (ECF No. 20.)  On January 11, 2012, an order issued dismissing certain claims and defendants from this action.[1] (ECF

---

[1] Plaintiff's remaining Eighth Amendment and retaliation claims were dismissed, with prejudice, based upon Plaintiff's failure to state a cognizable claim.  Defendants Gonzalez, Kelso, Campbell, Velasco, Ross, Nickolic, Oblonsky, Ledford, Stroller, Wilson, Marvin, Jae Lee, Vicki, and Bobbi were dismissed for Plaintiff's failure to state a claim.  Plaintiff's requests for declaratory and injunctive relief were dismissed, without leave to amend.

1  No. 25.) On that same date Plaintiff filed a motion for leave to file an amended complaint to add
2  state law claims and a second amended complaint was lodged. (ECF Nos. 26, 27.) On January 13,
3  2012, an order issued denying Plaintiff's motion to amend, as futile, because Plaintiff had failed to
4  allege compliance with the Government Tort Claim Act. (ECF No. 28.) On January 30, 2012,
5  Plaintiff filed a motion to alter or amend judgment, a motion for leave to file an amended complaint,
6  and a second amended complaint. (ECF Nos. 31, 32, 33.)

**II.     Motion to Alter or Amend Judgment and Motion for Leave to File Amended Complaint**

Plaintiff moves for leave to file a second amended complaint to correct dates alleged in his claims against Defendant Grimm and to add a state law claim. Plaintiff also seeks leave to cure the deficiencies in his federal claims against Defendants Lee and Marvin. Plaintiff's Eighth Amendment claims raised against Defendants Lee and Marvin in the first amended complaint were dismissed, with prejudice, and Plaintiff's motion to amend his claims against Defendants Lee and Marvin shall be denied. A review of the second amended complaint shows that Plaintiff has corrected the deficiencies regarding his state law claims against Defendant Grimm. Plaintiff's motion shall be granted only as to his claims against Defendant Grimm.

Plaintiff also attempts to bring claims under state law against Defendants Lee, Marvin, Gonzalez, Oblonski, Nickolic, Kelso, and Jane Doe 1. These defendants were dismissed from this action in the order issued on January 11, 2012. Additionally, pursuant to 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III. . . ." There are no federal claims proceeding in this action against these defendants. Plaintiff brings these state law claims alleging a denial of medical care by other medical providers at times other than that at issue in this action and the failure to order post operative x-rays. These state law claims do not fall within the "ancillary jurisdiction" of this court as they do not arise out of the same transaction or occurrence that is the

---

The Court notes that in the first amended complaint Defendant Lee is referred to as both Dr. Jae Lee and Dr. Kang H. Lee. In the second amended complaint Plaintiff refers to Defendant Lee as Dr. Kang H. Lee. However a review of both complaints shows that the incidents alleged involved the same physician who has been dismissed from this action.

2

subject matter of this action. Danner v. Himmelfarb, 858 F.2d 515, 521 (9th Cir. 1988).

Plaintiff also brings a motion entitled "motion to alter or amend judgment"which is a motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e). Plaintiff seeks reconsideration of the order denying his motion for leave to file an amended complaint. Based upon the granting in part of Plaintiff's motion to file a second amended complaint, Plaintiff's motion to alter or amend judgement is denied as moot.

### III. Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

In determining whether a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955 (2007)).

### IV. Discussion

On February 10, 2009, Plaintiff informed Defendant Grimm that he was in excruciating and severe pain following surgery on his right wrist and the acetaminophen was not effective at relieving the pain. Defendant Grimm allegedly told Plaintiff that he was not going to prescribe a stronger medication and that Plaintiff was man enough to endure a little pain. Plaintiff's allegations are sufficient to allege that Defendant Grimm was aware of a serious medical need and failed to adequately respond. Simmons v. Navajo County, Arizona, 609 F.3d 1011, 1018 (9th Cir. 2010). Plaintiff has stated a claim against Defendant Grimm for deliberate indifference in violation of the Eighth Amendment.

Plaintiff's allegations are also sufficient to state a claim for medical malpractice under state law. Plaintiff has alleged compliance with the California Tort Claims Act[2] which requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board, formerly known as the State Board of Control, no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2 (West 2010). "The elements of a medical malpractice claim are (1) the duty of the professional to use such skill, prudence, and diligence as other members of his profession commonly possess and exercise; (2) a breach of that duty; (3) a proximate causal connection between the negligent conduct and resulting injury; and (4) actual loss or damage resulting from the professional's negligence." Avivi v. Centro Medico Urgente Medical Center, 159 Cal.App.4th 463, 468, n.2 (Ct. App. 2008) (internal quotations and citation omitted); Johnson v. Superior Court, 143 Cal.App.4th 297, 305 (2006).

Plaintiff requests a declaratory judgment and injunctive relief directing the Federal Receiver to provide adequate post operative physical therapy to Plaintiff for his wrist. These requests for relief were previously dismissed, without leave to amend, because declaratory relief is unnecessary and Plaintiff failed to state a cognizable claim against the Federal Receiver. Accordingly this action shall proceed for money damages only.

**V.     Motion for Appointment of Counsel**

Plaintiff also seeks appointment of counsel. Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek

---

[2] The Court recognizes that in City of Stockton v. Superior Court, 42 Cal.4th 730, 742 (Cal. 2007), California's Supreme Court adopted the practice of referring to California's Tort Claims Act as the Government Claims Act. However, given that the federal government has also enacted a Tort Claims Act, 28 U.S.C. § 2671, the Court here refers to the Government Claims Act as the California Tort Claims Act in an effort to avoid confusion.

4

1  volunteer counsel only in the most serious and exceptional cases.  In determining whether
2  "exceptional circumstances exist, the district court must evaluate both the likelihood of success of
3  the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity
4  of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the court does not find the required exceptional circumstances.  Even if it is assumed that plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional.  This court is faced with similar cases almost daily.  Further, at this early stage in the proceedings, the court cannot make a determination that plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the court does not find that plaintiff cannot adequately articulate his claims.  Id.  Therefore, Plaintiff's motion for the appointment of counsel is denied.

### VI. Conclusion and Order

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion for leave to file an amended complaint is GRANTED IN PART and Plaintiff may amend his claims against Defendant Grimm;
2. Plaintiff's motion to alter or amend the judgment is DENIED as moot;
3. This action shall proceed on the second amended complaint, filed January 30, 2012, against Defendant Grimm for deliberate indifference to serious medical needs and medical malpractice under state law for money damages;
4. Plaintiff's motion for appointment of counsel is denied;
5. The order, filed January 5, 2012, directing the United States Marshal to serve the amended complaint is RECALLED; and
6. The Clerk's Office is directed to serve a copy of this order on the United States Marshals Service in Sacramento.

IT IS SO ORDERED.

Dated:   **February 7, 2012**            /s/ **Barbara A. McAuliffe**
                                   UNITED STATES MAGISTRATE JUDGE