# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL MONTANEZ, | CASE NO. 1:10-cv-01931-BAM PC |
| Plaintiff, | ORDER DENYING MOTION FOR ACCESS TO LAW LIBRARY |
| v. | (ECF No. 44) |
| F. GONZALEZ, et al., | |
| Defendants. | |

Plaintiff Paul Montanez ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on the second amended complaint against Defendant Grimm for deliberate indifference to medical needs in violation of the Eighth Amendment and medical malpractice under state law. On July 11, 2012, Plaintiff filed a motion for access to the law library. (ECF No. 44.)

For each form of relief sought in federal court, Plaintiff must establish standing. Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010), *cert. denied*, 131 S. Ct. 503 (2010). This requires Plaintiff to "show that he is under threat of suffering 'injury in fact' that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to challenged conduct of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury." Summers v. Earth Island Institute, 129 S. Ct. 1142, 1149 (2009) (citation omitted); Mayfield, 599 F.3d at 969 (citation omitted).

In addition, any award of equitable relief is governed by the Prison Litigation Reform Act, which provides in relevant part, "Prospective relief in any civil action with respect to prison

conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A).

In this instance the case or controversy requirement cannot be met in light of the fact that the issue Plaintiff seeks to remedy in his motion bears no relation to the claim that he was denied pain medication by Defendant Grimm. Lyons, 461 U.S. at 102; 18 U.S.C. § 3626(a)(1)(A); also Summers v. Earth Island Inst., 129 S. Ct. 1142, 1148-49 (2009); Steel Co., 523 U.S. at 102-04, 107. Because the case-or-controversy requirement cannot be met, the pendency of *this* action provides no basis upon which to award Plaintiff the relief requested. Steel Co., 523 U.S. at 102-103.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for a court order, filed July 11, 2012, is DENIED for lack of jurisdiction.

IT IS SO ORDERED.

Dated:   **July 12, 2012**                              **/s/ Barbara A. McAuliffe**
                                                                           UNITED STATES MAGISTRATE JUDGE