# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL MONTANEZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>F. GONZALEZ, et al.,<br><br>　　　　　Defendants.<br>　　　　　　　　　　　　　　　　　　/ | CASE NO. 1:10-cv-01931-AWI-BAM PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DENYING DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO EXHAUST, AND DENYING PLAINTIFF'S REQUEST FOR SANCTIONS (ECF No. 41, 47, 50, 51)<br><br>ORDER STRIKING COUNTER MOTION TO DEFENDANT'S REPLY (ECF No. 52)<br><br>OBJECTIONS DUE WITHIN THIRTY DAYS |

**Findings and Recommendations on Defendant's Motion to Dismiss**

**I.	Procedural History**

Plaintiff Paul Montanez ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983, filed this action on October 15, 2010. (ECF No. 1.) This action is proceeding on the second amended complaint, filed January 30, 2012, against Defendant Grimm for deliberate indifference in violation of the Eighth Amendment and medical malpractice under state law. (ECF No. 34.) Defendant filed a motion to dismiss on June 11, 2012. (EDF No. 41.)  Plaintiff filed an opposition to the motion to dismiss on August 6, 2012, and Defendant filed a reply on August 20, 2012.[1]  (ECF Nos. 47, 50.)  On September 4, 2012, Plaintiff filed a motion for sanctions and a counter motion to Defendant's reply.  (ECF Nos. 51, 52.)

---

[1] In light of the decision in Woods v. Carey, 684 F.3d 934, 939 (9th Cir. 2012), Plaintiff was provided with notice of the requirements for opposing a motion to dismiss for failure to exhaust on July 13, 2012. (ECF No. 46.)

1

**II.     Plaintiff's Surreply**

Plaintiff filed a surreply entitled "Counter-Motion to Defendant's Reply to Plaintiff's Opposition to Motion to Dismiss." (ECF No. 52.) The Local Rules provide for a motion, an opposition, and a reply. Neither the Local Rules nor the Federal Rules provide the right to file a surreply, and the Court neither requested one nor granted a request on the behalf of Plaintiff to file one. Accordingly, Plaintiff's surreply, filed September 4, 2012, shall be stricken from the record.

**III.    Motion to Dismiss**

    **A.     Legal Standard**

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The section 1997e(a) exhaustion requirement applies to all prisoner suits relating to prison conditions. Woodford v. Ngo, 548 U.S. 81, 85 (2006). All available remedies must be exhausted, not just those remedies that meet federal standards, Woodford, 548 U.S. at 84, nor must they be "plain, speedy, and effective," Booth v. Churner, 532 U.S. 731, 739 (2001). Prisoners must complete the prison's administrative process, regardless of the relief sought by the prisoner and regardless of the relief offered by the process, as long as the administrative process can provide some sort of relief on the complaint stated. Id at 741; see Woodford, 548 U.S. at 93.

The California Department of Corrections has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084, et seq. "Any inmate or parolee under the department's jurisdiction may appeal any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." Cal. Code Regs. tit. 15, § 3084.1(a) (West 2009).[2] At the time of the incident alleged in this action, four levels of appeal were involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." Cal. Code Regs. tit 15, § 3084.5.

---

[2] All future references are to the Cal. Code Regs tit. 15 (West 2009), unless otherwise stated.

2

1    Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative
2 defense which defendants have the burden of raising and proving the absence of exhaustion. Lira
3 v. Herrera, 427 F.3d 1164, 1171 (9th Cir. 2005). The failure to exhaust nonjudicial administrative
4 remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a
5 summary judgment motion. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003) (citing Ritza
6 v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998) (per curium)).
7 "In deciding a motion to dismiss for failure to exhaust, a court may look beyond the pleadings and
8 decide disputed issues of fact." Sapp v. Kimbrell, 623 F.3d. 813, 821 (9th Cir. 2010) (quoting
9 Wyatt, 315 F.3d at 1119-20). If the court concludes that the prisoner has failed to exhaust
10 administrative remedies, the proper remedy is dismissal without prejudice, even where there has
11 been exhaustion while the suit is pending. Lira, 427 F.3d at 1171.

12    **B.    Plaintiff's Allegations in Second Amended Complaint**

13    On November 13, 2008, a pin and screw were placed in Plaintiff's right wrist to repair a
14 fractured schaphoid. (Sec. Am. Compl. 13,[3] ECF No. 33.) Plaintiff saw Defendant Grimm around
15 February 10, 2009, complaining that the pain medication, acetaminophen, he had been prescribed
16 was not adequate to treat the excruciating pain in his right wrist. Defendant Grimm ignored
17 Plaintiff's complaints and ordered acetaminophen and ibuprofen which did not relieve Plaintiff's
18 pain. Plaintiff explained to Defendant Grimm that the pins felt as if they were going to rip through
19 his skin and the area was swollen and extremely painful to touch. Defendant Grimm allegedly told
20 Plaintiff that he was man enough to endure a little pain and under no circumstances was going to
21 prescribe Plaintiff stronger pain medication. (Id. at 3.)

22    **C.    Discussion**

23    Defendant argues that Plaintiff did not exhaust his administrative remedies because the only
24 appeal that relates to the allegations in the second amended complaint was filed on February 2, 2009,
25 Appeal CCI-03-09-10320, prior to Plaintiff being evaluated by Defendant Grimm. Defendant

---

[3] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

1  contends that since Plaintiff did not raise his allegations against Defendant Grimm in a separate
2  appeal he failed to exhaust his administrative remedies and this action should be dismissed.
3  (Memorandum of Points and Authorities in Support of Motion to Dismiss for Failure to Exhaust
4  Administrative Remedies 5, ECF No. 41-1.)

5  Plaintiff claims that he exhausted all available administrative remedies and he was not
6  required to proceed through all levels of the review process. (Opp. 4, ECF No. 47.) Plaintiff
7  contends that since he submitted his grievance as an emergency appeal he was exempt from the
8  regular grievance procedures. (Id. at 5.)

9  Defendant replies that the appeal was submitted prior to Plaintiff seeing Defendant Grimm
10 and could not put prison officials on notice of the conduct of Defendant Grimm. (Reply 2, ECF No.
11 50.) Additionally, Plaintiff's appeal was not processed as an emergency appeal and did proceed
12 through the regular grievance process receiving review at the first, second, and third levels. (Id. at
13 4.)

14 On February 2, 2009, Plaintiff submitted Appeal No. 09-10320, in which he grieved that
15 medical staff had not provided x-rays to the surgeon who had operated on his wrist for his follow
16 up appointment. (ECF No. 41-2 at 5.) Plaintiff claimed that due to the failure to provide x-rays his
17 wrist was swollen and his cast had to be cut off which resulted in pain to his wrist. (Id. at 6.)
18 Plaintiff complained that the pins had burrowed beneath the skin resulting in agonizing pain and he
19 was not being given the correct pain medication. (Id. at 7.) Plaintiff requested to be seen by the
20 orthopedist with the correct x-rays and to receive adequate pain medication. (Id. at 4.) In Plaintiff's
21 submission to the second level of review, he complained that he was seen by Defendant Grimm who
22 ignored his pleas regarding the pain medication being ineffective and prescribed the same
23 medication. (Id. at 12.)

24 In order to find that Plaintiff's appeal exhausted his administrative remedies the appeals must
25 " provide enough information . . . to allow prison officials to take appropriate responsive measures."
26 Griffin v. Arpaio, 557 F.3d 1117, 1121 (9th Cir. 2009) (quoting Johnson v. Testman, 380 F.3d 691,
27 697 (2nd Cir. 2004)). The primary purpose of the grievance is to alert the prison to the problem and
28

facilitate resolution. Griffin, 557 F.3d at 1120. "A grievance suffices to exhaust a claim if it puts the prison on adequate notice of the problem for which the prisoner seeks redress." Sapp, 623 F.3d at 824 (citing Jones v. Bock, 549 U.S. 199, 218, 127 S. Ct. 910, 923 (2007)). The regulation in effect in 2010 required only a description of the problem and the action requested, tit. 15, § 3084.2(a), and therefore, Plaintiff's grievance was sufficient if it alerted the prison to the nature of the wrong for which redress is now sought, Jones v. Bock, 549 U.S. 199, 218, 127 S. Ct. 910, 922-23 (2007); Sapp, 623 F.3d at 824 (citing Griffin, 557 F.3d at 1120) (quotation marks omitted); McCollum v. California Dep't of Corr., 647 F.3d 870, (9th Cir. 2011).

While Defendant is correct that an issue must be raised in the first level of the appeals process to exhaust administrative remedies, an inmate is not required to identify the defendant by name to exhaust the grievance against him. Sapp, 623 F.3d at 824. Neither the PLRA nor the California regulations that were in effect at the time required an inmate to identify responsible parties or who ultimately may be sued. See Jones, 549 U.S. at 217, 127 S. Ct. 910 ("[N]othing in the [PLRA] imposes a 'name all defendants' requirement.").

Here, the issue raised in the appeal was the inadequacy of the pain medication that Plaintiff was being prescribed. Plaintiff's complaint against Defendant Grimm is the same complaint that he made in the first level of the appeal. Although Plaintiff had not seen Defendant Grimm at the time that he submitted his appeal for initial review, the appeal did put prison officials on notice that prison medical providers were not providing adequate pain medication to address his symptoms. In this instance, Appeal No. 09-10320 was sufficient to place prison officials on notice as to the nature of the wrong at issue and given that the appeal was pursued through the final level of review prior to the filing of this suit, Plaintiff exhausted his deliberate indifference claim against Defendant Grimm. Jones, 549 U.S. at 218, 127 S. Ct. at 922-23; McCollum, 647 F.3d at 876; Sapp, 623 F.3d at 824; Griffin, 557 F.3d at 1120; Gomez v. Winslow, 177 F.Supp.2d 977, 983 (N.D.Cal. 2001).[4] Defendant's motion to dismiss for failure to exhaust should be denied.

---

[4] The Court declines to address the parties' additional arguments due to the finding that Plaintiff's appeal did suffice to exhaust his administrative remedies.

## IV. Plaintiff's Motion for Sanctions

Plaintiff brings this motion seeking sanctions against Defendant Grimm arguing the motion was brought in bad faith and false statements were made in the motion to dismiss because the regulations effective in 2009 govern his claim. (Request for Sanctions 1-2, ECF No. 51.)

The Court has fully reviewed Defendant's motion and reply and Defendant has not argued that the changes in the current regulations govern Plaintiff's claims. Defendant clearly refers to the regulations in effect prior to January 28, 2011, in bringing this motion. (ECF No. 41-1 at 4:23-25.) Defendant is entitled to defend this action and Plaintiff's disagreement with the arguments presented are not grounds to impose sanctions. The Court does not find that Defendant has brought this motion in bad faith, nor does it find any false statements in the motion to dismiss. Plaintiff's motion for sanctions should be denied.[5]

## V. Conclusion and Recommendation

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's surreply, filed September 4, 2012, is STRICKEN FROM THE RECORD;
2. Plaintiff's motion for sanctions, filed September 4, 2012, should be DENIED; and
3. Defendant's motion to dismiss, filed June 11, 2012, should be DENIED.

/////
/////
/////
/////
/////
/////
/////
/////

---

[5] Plaintiff makes unsubstantiated allegations that Defendant made false statements, without identifying any such statements in his motion. Plaintiff is advised that the Court will not tolerate abusive litigation tactics by either party to this litigation and further unsubstantiated allegations against Defendant or defense counsel will subject Plaintiff to sanctions.

1  These findings and recommendations will be submitted to the United States District Judge
2  assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30)
3  days after being served with these findings and recommendations, Plaintiff may file written
4  objections with the Court. The document should be captioned "Objections to Magistrate Judge's
5  Findings and Recommendations." Plaintiff is advised that failure to file objections within the
6  specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d
7  1153 (9th Cir. 1991).

8  IT IS SO ORDERED.

9  Dated:   **October 22, 2012**                        /s/ **Barbara A. McAuliffe**
                                              UNITED STATES MAGISTRATE JUDGE