# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL MONTANEZ, | CASE NO. 1:10-cv-01931-AWI-BAM PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS DENYING PLAINTIFF'S MOTION FOR ACCESS TO THE LAW LIBRARY |
| v. | |
| F. GONZALEZ, et al., | (ECF No. 61) |
| Defendants. | |

Plaintiff Paul Montanez ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on the first amended complaint against Defendant Grimm for deliberate indifference to medical needs in violation of the Eighth Amendment and medical malpractice under state law. On January 17, 2012, Plaintiff filed a motion for access to the law library.[1] (ECF No. 61.)

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Resources Defense Council, Inc., 55 U.S. 7, 24, 129 S.Ct. 365, 376 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 20 (citations omitted). An injunction may only be awarded upon a *clear showing* that the plaintiff is entitled to relief. Id.

---

[1] Plaintiff previously filed a motion requesting access to the law library. (ECF No. 29.) The Court denied the request on January 23, 2012. (ECF No. 30.)

1

at 22 (citation omitted) (emphasis added).

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982).  If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id.  Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

In this instance, the case or controversy requirement cannot be met because the issue that Plaintiff seeks to remedy in his motion, i.e., access to the law library, bears no relation to the deliberate indifference claim proceeding in this action. Lyons, 461 U.S. at 102; 18 U.S.C. § 3626(a)(1)(A); see also Summers v. Earth Island Inst., 129 S.Ct. 1142, 1148-49 (2009); Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 102-04, 118 S.Ct. 1003 (1998).  As the case-or-controversy requirement cannot be met, the pendency of *this* action provides no basis upon which to award Plaintiff injunctive relief. Id.  Additionally, the relief that Plaintiff seeks would not correct the violation of the Federal right at issue in this action. 18 U.S.C. § 3626(a)(1)(A).

Accordingly, IT IS HEREBY RECOMMENDED that Plaintiff's motion for law library access, filed January 17, 2013, be denied.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these findings and recommendations, Plaintiff may file written

/////
/////
/////
/////

2

objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **January 22, 2013**            /s/ **Barbara A. McAuliffe**
                                         UNITED STATES MAGISTRATE JUDGE