# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL MONTANEZ, | Case No.: 1:10-cv-01931-AWI-BAM (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR THE COURT TO APPOINT AND FUND A NEUTRAL EXPERT WITNESS AND EXAMINATION (ECF No. 73) |
| v. | |
| F. GONZALEZ, et al., | |
| Defendant. | |

## I.   Background

Plaintiff Paul Montanez ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds on Plaintiff's first amended complaint against Defendant Grimm for deliberate indifference to medical needs in violation of the Eighth Amendment and medical malpractice under state law.  The matter has not been set for trial.

On August 19, 2013, Plaintiff filed a motion for the appointment of an expert witness and a physical examination.  (ECF No. 73.)  On November 6, 2013, Defendant Grimm filed an opposition to the motion.  The Court finds a reply unnecessary; and the motion is deemed submitted.  Local Rule 230(l).

///

## II.      Discussion

### A.  Medical Expert

The Court has the discretion to appoint an expert pursuant to Rule 706(a) of the Federal Rules of Evidence.  In relevant part, Rule 706 states that "[o]n a party's motion or on its own, the court may order the parties to show cause why expert witnesses should not be appointed. . . ." Fed. R. Evid. 706(a); Walker v. American Home Shield Long Term Disability Plan, 180 F.3d 1065, 1071 (9th Cir. 1999).  Pursuant to Rule 702, "a witness who is qualified as an expert by knowledge, skill, experience, training or education may testify in the form of an opinion or otherwise if:  (a) the expert's scientific technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue. . . ."  Fed. R. Evid. 702.

In part, Plaintiff, citing his indigent and incarcerated status, requests the appointment of a medical expert to help him refute Defendant Grimm's defense and avoid a "wholly one-sided presentation of opinions."  (ECF No. 73, p. 16.)  However, Rule 706 is not a means to avoid the in forma pauperis statute and its prohibition against using public funds to pay for the expenses of witnesses.  Manriquez v. Huchins, 2012 WL 5880431, *12 (E.D. Cal. 2012).  Rule 706 also does not contemplate court appointment and compensation of an expert witness as an advocate for Plaintiff. Brooks v. Tate, 2013 WL 4049043, *1 (E.D. Cal. Aug. 7, 2013) (denying appointment of medical expert on behalf of state prisoner in section 1983 action); Gorrell v. Sneath, 2013 WL 3357646, * 1 (E.D. Cal. Jul. 3, 2013) (purpose of court-appointed expert is to assist the trier of fact, not to serve as an advocate for a particular party).

Plaintiff also claims that a neutral expert will be important to the finder of fact because of the medical issues involved.  However, Plaintiff's allegations relating to pain and treatment are not so complicated as to require the appointment of an expert witness to assist the Court and/or a jury. Brooks, 2013 WL 4049043 at *1.  The crux of Plaintiff's constitutional claim is that Defendant Grimm was deliberately indifferent to Plaintiff's serious medical needs.  A trier of fact does not require a medical expert to make such a determination.

///

///

2

**B.  Medical Examination**

Plaintiff also requests a medical examination pursuant to Federal Rule of Civil Procedure 35. Rule 35 provides in relevant part:

> The court where the action is pending may order a party whose mental or physical condition … is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner.

Fed. R. Civ. P. 35(a)(1).  The order for examination may be made only "on motion for good cause." Fed. R. Civ. P. 35(2)(A).

Here, Plaintiff seeks an order for his own examination.  However, Rule 35 allows a movant to request examination of an opposing party whose mental or physical condition is in controversy, not for a party to request his own examination to support his claims.  See Quintana v. Swarthout, 2012 WL 5499872, *3 (E.D. Cal. Nov. 13, 2012) (denying indigent prisoner's request for medical examination under Rule 35 in civil rights action).  Accordingly, Plaintiff's request for an examination to assist in presenting his claims shall be denied.

**III.    Conclusion and Order**

For the reasons stated, Plaintiff's motion for the court to appoint and fund a neutral expert witness, filed on August 19, 2013, is DENIED.


IT IS SO ORDERED.

Dated:   __**November 14, 2013**__          _____/s/ _Barbara A. McAuliffe_____

UNITED STATES MAGISTRATE JUDGE