UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL MONTANEZ,<br><br>          Plaintiff,<br><br>     v.<br><br>F. GONZALEZ, et al.,<br><br>          Defendant. | Case No.: 1:10-cv-01931-AWI-BAM (PC)<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO AMEND HIS COMPLAINT<br>(ECF No. 68)<br><br>ORDER DIRECTING CLERK OF COURT TO FILE THIRD AMENDED COMPLAINT LODGED ON JULY 5, 2013<br><br>TWENTY-DAY DEADLINE FOR RESPONSIVE PLEADING |

**I.     Background**

Plaintiff Paul Montanez ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's second amended complaint against Defendant Grimm for deliberate indifference to medical needs in violation of the Eighth Amendment and medical malpractice under state law. (ECF No. 33, 35.)

On January 2, 2013, the Court issued a Discovery and Scheduling Order, which set the deadline to amend pleadings as July 2, 2013. (ECF No. 59.) On July 5, 2013, Plaintiff filed a motion, which was dated June 24, 2013, to amend his complaint. Plaintiff requested leave to amend in order to correct certain deficiencies of the complaint, which were identified as dates and medication records. (ECF No. 68.) Plaintiff also lodged his proposed third amended complaint. (ECF No. 69.) On

1  August 12, 2013, the Court directed Defendant Grimm to respond to Plaintiff's request to amend his
2  complaint.  (ECF No. 72.)  On September 3, 2013, Defendant Grimm filed his opposition to the
3  motion to amend, and Plaintiff replied on September 23, 2013.  (ECF Nos. 75, 76.)  The motion is
4  deemed submitted.  Local Rule 230(l).

## II. Discussion

### A. Legal Standard

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served.  Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires.  Fed. R. Civ. P. 15(a).  "Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'"  Amerisource Bergen Corp. v. Dialysis West, Inc., 465 F.3d 946, 951 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)).  However, courts "need not grant leave to amend where the amendment:  (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile."  Id.  The factor of "'[u]ndue delay by itself . . . is insufficient to justify denying a motion to amend.'"  Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 712,13 (9th Cir. 2001) (quoting Bowles v. Reade, 198 F.3d 752, 757-58 (9th Cir. 1999)).

### B. Analysis

Plaintiff requests leave to amend his complaint to correct deficiencies, which he identifies as "Dates; medication; Records."  (ECF No. 68.)  Defendant objects and argues that Plaintiff's amendment is futile because it does not "correct" any dates, but adds three new dates that do not alter the allegations against Defendant Grimm.  Defendant notes that two of the new dates concern treatment by Dr. Jae Lee, who is not a named defendant in this action.  Defendant also argues that the proposed amendments to omit defendants that have already been dismissed by the court are unnecessary.  Defendant further argues that Plaintiff's efforts to expand his allegations against Defendant Grimm are unnecessary because the Court has determined that Plaintiff sufficiently alleged a claim for deliberate indifference.  As a final matter, Defendant argues that allowing the amendment will cause undue delay because the Court will be required to screen the amended complaint.

The Court has reviewed the proposed amended complaint and finds that leave to amend should be granted.  In considering the relevant factors, there is no indication that the amendment will result in prejudice or is sought in bad faith.  There also is no indication that the amendment will unduly delay these proceedings as the Court previously determined that Plaintiff has stated a cognizable claim for deliberate indifference against Defendant Grimm, the amendment requires no additional discovery and Defendant Grimm will be directed to file a responsive pleading.  Further, although many of the proposed amended allegations are variations of those in his original complaint or relate to a non-party physician, Plaintiff has added factual allegations regarding actions taken by Defendant Grimm during the period of time at issue.  Plaintiff's proposed amendment therefore is not futile.

### III.    Conclusion and Order

For the reasons stated, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion to amend the complaint, filed on July 5, 2013, is GRANTED;
2. The Clerk of the Court is DIRECTED to file the Third Amended Complaint, lodged on July 5, 2013 (ECF No. 69); and
3. Defendant Grimm shall file a responsive pleading within twenty (20) days after the Third Amended Complaint is filed.

IT IS SO ORDERED.

Dated:   **November 14, 2013**        /s/ *Barbara A. McAuliffe*
                                       UNITED STATES MAGISTRATE JUDGE