1

2

3

4

5

6

7

8                         **UNITED STATES DISTRICT COURT**

9                          **EASTERN DISTRICT OF CALIFORNIA**

10

11    PAUL MONTANEZ,                          )   Case No.: 1:10-cv-01931-AWI-BAM (PC)
                                              )
12              Plaintiff,                    )   FINDINGS AND RECOMMENDATIONS
                                              )   REGARDING PLAINTIFF'S MOTION FOR
13         v.                                 )   TEMPORARY RESTRAINING ORDER AND
                                              )   PRELIMINARY INJUNCTION  (ECF No. 78)
14    F. GONZALEZ, et al.,                    )
                                              )
15              Defendants.                   )   THIRTY-DAY DEADLINE
                                              )
16    _____       )

17         Plaintiff Paul Montanez ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis

18    in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds against Defendant

19    Grimm for deliberate indifference to medical needs in violation of the Eighth Amendment.

20         On October 18, 2013, Plaintiff filed the instant motion requesting a temporary restraining order

21    and preliminary injunction to ensure that he receives proper medical care during litigation of this

22    action.  Plaintiff alleges that he was retaliated against by Defendant Grimm's colleague, Dr. Harold

23    Tate, who cancelled Plaintiff's chronic pain medication, pain management treatment and orthopedic

24    specialist treatment.  (ECF No. 78, p. 1.)  Having considered Plaintiff's moving papers and supporting

25    declaration and exhibits, the Court recommends that Plaintiff's request for injunctive relief be denied

26    because this action does not provide a basis for the requested relief.

27         Plaintiff initiated this action on October 15, 2010.  Following screening, this action proceeds

28    against Defendant Grimm for deliberate indifference to medical needs in violation of the Eighth

1

1  Amendment arising from events in 2009.  (ECF Nos. 20, 87.)  In Plaintiff's request for a temporary

2  restraining order and preliminary injunction, Plaintiff complains that he was retaliated against by Dr.

3  Tate in September and October 2013.  Specifically, Plaintiff alleges that Dr. Tate: (1) cancelled

4  Plaintiff's chronic pain medication on September 10, 2013; (2) cancelled Plaintiff's follow-up pain

5  management on September 23, 2013; (3) denied Plaintiff's appeal for treatment by a pain specialist

6  and orthopedic specialist and for placement back on morphine on September 26, 2013; and (4) ordered

7  confiscation of Plaintiff's wrist brace on October 2, 2013.  Plaintiff requests that the Court ensure that

8  he receives proper medical care during the course of this litigation.

9       "A preliminary injunction is an extraordinary remedy never awarded as of right."  Winter v.

10  Natural Resources Defense Council, Inc., 55 U.S. 7, 24, 129 S.Ct. 365, 376 (2008) (citation omitted).

11  "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits,

12  that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of

13  equities tips in his favor, and that an injunction is in the public interest."  Id. at 20 (citations omitted).

14  An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief.  Id. at

15  22 (citation omitted).

16       Federal courts are courts of limited jurisdiction and in considering a request for preliminary

17  injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it

18  an actual case or controversy.  City of Los Angeles v. Lyons, 461 U.S. 95, 101-102, 103 S.Ct. 1660,

19  1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.,

20  454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982).  If the Court does not have an actual case or

21  controversy before it, it has no power to hear the matter in question.  Id.

22       Here, the Court lacks jurisdiction to issue injunctive relief based on alleged retaliatory acts by

23  Dr. Tate, which took place after this action was filed, because the Court does not have such a case or

24  controversy before it in this action.  In other words, Dr. Tate is not party before the Court and this

25  action does not concern retaliation.  As such, the Court does not have jurisdiction over Dr. Tate, the

26  California Correctional Institution or the claim of retaliation in order to grant the requested relief.

27  Lyons, 461 U.S. at 102; Valley Forge Christian Coll., 454 U.S. at 471.

28

2

1       Based on the above, IT IS HEREBY RECOMMENDED that Plaintiff's motion for temporary

2  restraining order and preliminary injunction be DENIED.

3       These Findings and Recommendations will be submitted to the United States District Judge

4  assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days**

5  after being served with these Findings and Recommendations, Plaintiff may file written objections

6  with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and

7  Recommendations."  Plaintiff is advised that failure to file objections within the specified time may

8  waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

9

10  IT IS SO ORDERED.

11

    Dated:  __**November 14, 2013**__          __/s/ *Barbara A. McAuliffe*__

12                                        UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28