UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL MONTANEZ,<br><br>         Plaintiff,<br><br>    v.<br><br>F. GONZALEZ, et al.,<br><br>         Defendant. | Case No.: 1:10-cv-01931-AWI-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S REQUEST TO AMEND SUPPLEMENTAL AMENDED PLEADING<br><br>(ECF No. 79) |

**I.     Background**

Plaintiff Paul Montanez ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds on Plaintiff's first amended complaint against Defendant Grimm for deliberate indifference to medical needs in violation of the Eighth Amendment and medical malpractice under state law.

On January 2, 2013, the Court issued a Discovery and Scheduling Order.  Pursuant to that order, the deadline to amend the pleadings in this action was July 2, 2013.  (ECF No. 59.)  On July 5, 2013, Plaintiff filed a motion to amend his complaint, which was dated June 24, 2013, and considered timely.  (ECF No. 68.)  On November 14, 2013, the Court granted Plaintiff's motion to amend and directed the Clerk of the Court to file Plaintiff's third amended complaint lodged on July 5, 2013. (ECF No. 69.)

1    However, before the Court ruled on that motion, Plaintiff filed the instant motion requesting to
2 supplement his proposed third amended complaint to add a due process claim against two new
3 defendants, P. Heide and the California Correctional Institution, and against Defendant Grimm.  (ECF
4 No. 79.)  Plaintiff also lodged a proposed third amended complaint.  (ECF No. 80.)  On November 6,
5 2013, Defendant Grimm filed an opposition to Plaintiff's motion requesting to supplement his third
6 amended complaint.  (ECF No. 82.)  The Court finds a reply unnecessary and the motion is deemed
7 submitted.  Local Rule 230(l).

## II.     Discussion

As Plaintiff filed the instant request to amend after the deadline established in the scheduling order for amending pleadings had expired, the Court must apply the standard for amending a scheduling order under Federal Rule of Civil Procedure 16, rather than the liberal amendment standards of Rule 15.

Pursuant to Rule 16(b), a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).  The "good cause" standard "primarily considers the diligence of the party seeking the amendment." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992).  The district court may modify the scheduling order "if it cannot reasonably be met despite the diligence of the party seeking the extension." Id.  If the party was not diligent, the inquiry should end. Id.

Here, Plaintiff has not demonstrated diligence in seeking the proposed amendment.  According to his moving papers, Plaintiff discovered the proposed due process claim when he was provided information by Defendant Grimm in response to his Request for Interrogatories, Sets One and Two.  (ECF No. 79, p. 2.)  Defendant Grimm served his responses to the two sets of interrogatories on July 2, 2013, and August 8, 2013, respectively.  (Ex. G and H to ECF No. 80.)  Despite receiving the responses in July and August, Plaintiff waited until mid-October to seek the proposed amendment.  Plaintiff provides no explanation for the delay.  Further, it appears that Plaintiff's proposed due process claim is based on the same underlying events alleged in his deliberate indifference claim.  Plaintiff does not explain why did not seek to add the due process claim when he originally brought this action or when he sought leave to amend in July 2013.

1       Even if the Court concluded that Plaintiff diligently sought to extend the deadline to amend his
2  complaint, Plaintiff's proposed due process claim would not be allowed to proceed under the liberal
3  amendment standard of Federal Rule of Civil Procedure 15.
4       "Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'"
5  Amerisource Bergen Corp. v. Dialysis West, Inc., 465 F.3d 946, 951 (9th Cir. 2006) (quoting Fed. R.
6  Civ. P. 15(a)).  However, courts "need not grant leave to amend where the amendment:  (1) prejudices
7  the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is
8  futile."  Id.  The factor of "'[u]ndue delay by itself . . . is insufficient to justify denying a motion to
9  amend.'"  Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 712,13 (9th Cir. 2001)
10 (quoting Bowles v. Reade, 198 F.3d 752, 757-58 (9th Cir. 1999)).
11      In this instance, Plaintiff's due process claim is futile because it is premised on violations of
12 the process for review of his inmate appeal/grievance.  (ECF No. 80, pp. 19-23.)  Plaintiff has no
13 constitutionally protected interest in the manner in which prison officials process his administrative
14 grievances. "[A prison] grievance procedure is a procedural right only, it does not confer any
15 substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir.1993) (citing
16 Azeez v. DeRobertis, 568 F.Supp. 8, 10 (N.D.Ill.1982)); see also Ramirez v. Galaza, 334 F.3d 850,
17 860 (9th Cir.2003) (no due process liberty interest in processing of appeals because no entitlement to a
18 specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir.2001) (existence of
19 grievance procedure confers no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th
20 Cir.1988). "Hence, it does not give rise to a protected liberty interest requiring the procedural
21 protections envisioned by the Fourteenth Amendment." Azeez v. DeRobertis, 568 F.Supp. at 10;
22 Spencer v. Moore, 638 F.Supp. 315, 316 (E.D. Mo.1986) (failure to follow grievance procedure does
23 not give rise to a section 1983 claim).
24      Since Plaintiff has no protected liberty interest in the prison grievance procedure, Plaintiff's
25 allegations that Defendant Grimm and the proposed defendants failed to comply with the procedure do
26 not rise to the level of a due process violation and are not actionable under section 1983.  Accordingly,
27 Plaintiff's proposed amendment is futile.
28 ///

**III.    Conclusion and Order**

Based on the above, Plaintiff's request to amend the supplemental amended pleading is DENIED.

IT IS SO ORDERED.

Dated:    **November 14, 2013**                    /s/ *Barbara A. McAuliffe*
                                                                        UNITED STATES MAGISTRATE JUDGE