UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL MONTANEZ,<br><br>                Plaintiff,<br><br>         v.<br><br>F.A. GONZALEZ, et al.,<br><br>                Defendants. | 1:10-cv-01931-AWI-BAM (PC)<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR SIXTY-DAY EXTENSION OF TIME<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>(ECF No. 98) |

Plaintiff Paul Montanez ("Plaintiff"), a former state prisoner currently detained in the Los Angeles County Jail, proceeds pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

On December 9, 2013, Defendant Brian Grimm filed a motion to dismiss. Thereafter, on January 10, 2014, Defendant Grimm filed a motion for summary judgment. Plaintiff did not respond to either motion. However, on March 21, 2014, Plaintiff filed the instant motion requesting a sixty-day extension of time, along with a request for appointment of counsel. (ECF No. 98.) The Court finds a response unnecessary and the motion is deemed submitted. Local Rule 230(l).

**I.      Request for Extension of Time**

Plaintiff requests a sixty-day extension of time. The Court construes the request as one

1

for an extension of time to respond to Defendant's motion for summary judgment.  Plaintiff explains that an extension of time is necessary because he was arrested on February 6, 2014, and has been unable to prepare responsive pleadings since his arrest and detainment pending trial.  Plaintiff also asserts that he has been denied law library access.

Plaintiff has presented good cause to extend the time for his response to Defendant's motion for summary judgment.  There is no indication that Defendant will be prejudiced by the extension of time.  Further, the extension aligns with the public policy favoring disposition of cases on their merits.  Accordingly, Plaintiff's request for a sixty day extension of time shall be granted.

## II.     Request for Appointment of Counsel

Plaintiff does not have a constitutional right to appointed counsel in this action, <u>Rand v. Rowland</u>, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  <u>Mallard v. United States District Court for the Southern District of Iowa</u>, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989).  However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  <u>Rand</u>, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved."  <u>Id.</u> (internal quotation marks and citations omitted).

Here, the Court does not find the required exceptional circumstances.  Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional.  This Court is faced with similar cases from incarcerated plaintiffs with limited legal training almost daily.  Further, at this early stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits.  Although Plaintiff seeks assistance because he is a mental health participant and takes psychiatric medications, the Court does not find that Plaintiff cannot

2

adequately articulate his claims.  Id.  Accordingly, Plaintiff's request for the appointment of counsel shall be denied without prejudice.

### III.     Conclusion and Order

For the foregoing reasons, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion for a sixty-day extension of time to respond to Defendant's motion for summary judgment is GRANTED.  Plaintiff's opposition shall be filed on or before May 23, 2014; and

2. Plaintiff's motion for the appointment of counsel is DENIED without prejudice.

IT IS SO ORDERED.

Dated:   **March 24, 2014**              /s/ *Barbara A. McAuliffe*
                                        UNITED STATES MAGISTRATE JUDGE

3