UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL MONTANEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>F. GONZALEZ, et al.,<br><br>    Defendants. | Case No.: 1:10-cv-01931-AWI-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION, WITH PREJUDICE, FOR FAILURE TO PROSECUTE AND FAILURE TO OBEY A COURT ORDER<br><br>(ECF Nos. 94, 96, 100)<br><br>FOURTEEN-DAY DEADLINE |

    Plaintiff Paul Montanez ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds against Defendant Grimm for deliberate indifference to medical needs in violation of the Eighth Amendment and for medical negligence in violation of state law.

    On December 3, 2013, Defendant Grimm filed a motion to dismiss Plaintiff's state law medical malpractice claim on the ground that Plaintiff failed to comply with the applicable statute of limitations.  (ECF No. 94.)  Plaintiff did not file any opposition in compliance with Local Rule 230(l).

    On January 10, 2014, Defendant Grimm filed a motion for summary judgment on the grounds that: (1) Plaintiff's medical malpractice claim should be dismissed for failing to comply with the statute of limitations; (2) Defendant acted within the standard of care when treating Plaintiff, and

1

Plaintiff suffered from no harm as a result of Defendant's actions or inactions; (3) Defendant provided Plaintiff with appropriate and necessary medical attention, and believed that the medical care he provided alleviated Plaintiff's complaints; and (4) Defendant is entitled to qualified immunity because he acted reasonably and did not violate Plaintiff's Eighth Amendment rights. (ECF No. 96.) Concurrent with the motion, Plaintiff was provided with notice of his obligations in opposing a motion for summary judgment. (ECF No. 96-1); see Woods v. Carey, 684 F.3d 934 (9th Cir. 2012); Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1988); Klingele v. Eikenberry, 849 F.2d 409, 411-12 (9th Cir. 1988).

Plaintiff did not file a timely opposition to Defendant's motion for summary judgment. However, on March 21, 2014, Plaintiff submitted a late-filed motion for a sixty-day (60) extension of time and for appointment of counsel. (ECF No. 98.) On March 25, 2014, the Court denied the motion for appointment of counsel, but granted Plaintiff's motion for a sixty-day extension of time, construing it as a request for additional time to respond to Defendant's motion for summary judgment. (ECF No. 100.) Pursuant to the Court's order, Plaintiff's opposition to the motion for summary judgment was due on or before May 23, 2014.

More than two months have passed since Plaintiff's filing deadline, but Plaintiff has failed to submit any opposition or otherwise respond to Defendant's motion for summary judgment in compliance with Local Rule 230(l) or the Court's order.

In determining whether to dismiss an action for lack of prosecution or for failure to obey court orders, the district court is required to weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988) (quotation marks and citation omitted); accord Omstead v. Dell, Inc., 594 F.3d 1081, 1084 (9th Cir. 2010); In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006); Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)). These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action. In re PPA, 460 F.3d at 1226 (citation omitted).

"The public's interest in expeditious resolution of litigation always favors dismissal." Pagtalunan, 291 F.3d at 642 (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)). Here, the action has been pending nearly four years. Plaintiff is obligated to comply with the Local Rules and was informed by Defendant of the need to oppose a motion for summary judgment. Despite Plaintiff's duty to comply with all applicable rules and despite the previous issuance of the summary judgment notice by Defendant Grimm, Plaintiff did not file a timely opposition. Nonetheless, the Court permitted Plaintiff an opportunity to comply and to prosecute his case by extending the time for his opposition. The Court's effort was met with silence from Plaintiff, and the Court cannot effectively manage its docket if a party ceases litigating the case. Thus, both the first and second factors weigh in favor of dismissal.

With regard to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." Id. (citing Yourish at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale." Id. In this instance, it is Plaintiff's failure to prosecute this case and to comply with the Local Rules and the Court's order that is causing delay. Therefore, the third factor weighs in favor of dismissal.

Because public policy favors disposition on the merits, this factor usually weighs against dismissal. Id. at 643. However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," which is the case here. In re PPA, 460 F.3d at 1228.

Finally, as for the availability of lesser sanctions, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Plaintiff is proceeding in forma pauperis in this action, making monetary sanctions of little use, and given this stage of the proceedings, the preclusion of evidence or witnesses is likely to have no effect given that Plaintiff has ceased litigating his case.

In summary, Plaintiff filed this action but is no longer prosecuting it. More than six months have passed since Defendant filed his motion for summary judgment, and Plaintiff has not responded, despite being notified of the requirement to respond and the Court's order specifically directing him to

1  respond by May 23, 2014.  (ECF Nos. 96-1, 100.)  The Court cannot afford to expend resources
2  resolving unopposed dispositive motions in a case a plaintiff is no longer prosecuting.  Accordingly,
3  the Court finds that dismissal is the appropriate sanction and HEREBY RECOMMENDS that this
4  action be dismissed, with prejudice, for failure to prosecute and for failure to obey a court order.

5       These Findings and Recommendations will be submitted to the United States District Judge
6  assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within fourteen (14)
7  days after being served with these Findings and Recommendations, the parties may file written
8  objections with the court.  The document should be captioned "Objections to Magistrate Judge's
9  Findings and Recommendations."  The parties are advised that failure to file objections within the
10 specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d
11 1153 (9th Cir. 1991).
12 IT IS SO ORDERED.

13    Dated:  **July 26, 2014**          /s/ *Barbara A. McAuliffe*
14                                        UNITED STATES MAGISTRATE JUDGE